ASHBY *v.* STATE OF INDIANA.

[No. 28,927. Filed May 14, 1953.]

*Rice & Cheatham, Marion J. Rice, Bert C. Cheatham, Carrol F. Dillon* and *Wilbur F. Dassel,* all of Evansville, for appellant.

*J. Emmett McManamon,* Attorney General, *William T. McClain* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

FLANAGAN, J.—Appellant was convicted of vehicle taking and of being an habitual criminal.

First, he challenges the constitutionality of the act which permits allegations of former convictions to be a part of the charge on which he must go to trial. This question has been decided by a number of decisions in this state, and we do not find cause at this time to reconsider them.

Secondly, appellant questions the manner of the selection of the jury. In view of our final conclusion, and the fact that the questioned situation is not likely to arise again, we need not give further notice to it in this opinion.

The third and final question presented requires a reversal of this judgment. The defendant, by his attorney, filed a notice of alibi. Among other things, it stated that he was at a certain place one hour and fifteen minutes. The alibi notice

was signed by appellant's attorney. The prosecuting attorney was permitted, after proper objection, to require the defendant to state whether or not he told his attorney that he was at the particular place for that period of time.

It seems to us clear that orderly procedure permits litigants to file papers in a law suit and permits attorneys to choose proper steps without having such procedural matters brought to the attention of the jury. For example, if a litigant must be confronted with an affidavit for a change of venue in which his attorney has alleged that an "odium attaches" to him in the county from which the change has been taken, the result is simply to have the odium follow him.

We need not consider the question of confidential communication. The procedure itself is wrong and cannot have our commendation.

Judgment reversed, with instructions to grant a new trial.

NOTE.—Reported in 112 N. E. 2d 290.